**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

TESHA SCOTT on her own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

HOME INSTEAD, INC. and MAGUIRE SENIOR
SERVICES, INC. d/b/a HOME INSTEAD SENIOR
CARE #365.

    Defendants.

_____

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**
_____

Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages, on her own behalf and on behalf of all others similarly situated, against the above-named Defendants.

**STATEMENT OF THE CASE**

1.    Plaintiff was employed by Defendants as a "CAREGiver," providing in-home and institutional personal care to Defendants' elderly and disabled clientele.

2.    Plaintiff's and her similarly situated co-workers' job duties included, but were not limited to, bathing Defendants' clients, providing them with toileting and incontinence care, undressing and dressing Defendants' clients, doing their housekeeping, cleaning their dishes, linens and clothing, providing them with medication reminders and companionship, providing for the clients' oral and personal hygiene, preparing meals and snacks for the clients, doing their laundry, picking up their prescriptions, doing their

grocery and other shopping, and providing Defendants' clients with dementia, Alzheimer's and end of life care.

3. Defendants refused to pay Plaintiff and all similarly-situated employees overtime premiums for hours worked beyond forty (40) each work week.

4. The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Colorado Minimum Wage Act (the "MWA"), C.R.S. §§ 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "MWO"), 7 CCR 1103-1, require employers, like Defendants, to pay their employees overtime premiums for hours worked beyond forty (40) each work week.

5. Defendants violated the FLSA and the MWA when they refused to pay Plaintiff and those similarly situated overtime premiums for overtime hours worked.

6. Plaintiff seeks compensation for Defendants' violations of the FLSA and the MWA on her own behalf and on behalf of all those similarly situated.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Tesha Scott is and was at all times relevant to this action a resident of the State of Colorado. Plaintiff Scott's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 1.

8. Defendant Home Instead, Inc. is a registered Nebraska corporation doing business at 13323 California Street, Omaha, NE 68154.

9. Defendant Maguire Senior Services d/b/a Home Instead Senior Care #365 is a registered Colorado corporation doing business at 3711 John F Kennedy Parkway, Suite 317, Fort Collins, CO 80525.

10. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

11. Plaintiff requests that this Court exercise its supplemental jurisdiction over her claims under the Colorado Minimum Wage Act, Colo. Rev. Stat. §§ 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wage Order, 7 C.C.R. 1103-1(4) pursuant to 28 U.S.C. § 1367.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

13. Defendants employed Plaintiff as a personal care attendant, or in Defendants' terms, a "CAREGiver," from approximately July 28, 2012 through approximately February 1, 2014.

14. Plaintiff's and the other CAREGivers' job duties included, but were not limited to, bathing Defendants' clients, providing them with toileting and incontinence care, undressing and dressing Defendants' clients, doing their housekeeping, doing their laundry, cleaning their dishes, clothing and linens, providing them with medication reminders and companionship, providing for the clients' oral and personal hygiene, preparing meals and snacks for the clients, picking up their prescriptions, doing their grocery and other shopping, and providing Defendants' clients with dementia, Alzheimer's and end of life care.

15. Plaintiff and others spent more than twenty percent (20%) of their work hours

performing general household work.

16.     Plaintiff and others similarly situated regularly worked more than forty (40) hours per week for Defendants and Defendants refused to pay Plaintiff and others overtime premiums as required by law.

17.     For example, Plaintiff regularly worked between fifty (50) and sixty (60) hours per week, and was not paid overtime premiums for those hours worked beyond forty (40) each week.

18.     Rather, Defendants paid Plaintiff for all hours worked at her regular rate of pay.

19.     Defendants paid all their CAREGiver employees at their regular rates of pay for overtime hours worked.

20.     Defendants thus willfully refused to pay Plaintiff and those similarly situated overtime wages for overtime hours worked.

21.     At all times relevant to this action, Defendants employed persons, including Plaintiff, within the State of Colorado.

22.     At all times relevant to this action, Plaintiff and others performed labor for the benefit of Defendants and Defendants commanded when, where, and how much labor Plaintiff and others were to perform.

23.     At all times relevant to this action, Defendants enjoyed annual gross revenues in excess of $500,000.00.

24.     Plaintiff and all Defendants' CAREGivers handled cleaning materials and other materials which moved in interstate commerce each year relevant to this action.

## RULE 23 CLASS ALLEGATIONS

25.     Plaintiff brings her Count I claim under the MWA, as implemented by the MWO, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

26.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> All Defendants' Colorado hourly paid CAREGiver employees who worked between March 21, 2012 and the present.

27.     This action is properly brought as a class action for the following reasons:

28.     All of Defendants' hourly employees were denied overtime premiums for overtime hours worked.

29.     The class is so numerous that joinder of all the potential class members is impracticable.  Plaintiff does not know the exact size of the Class since that information is within the control of Defendants. However, upon information and belief, Plaintiff alleges that the number of Class Members exceeds 300.  Membership in the class is readily ascertainable from Defendants' employment records.

30.     The operative questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist. Common questions of law and of fact include: whether Plaintiff and the Class Members were exempt from the protections of the MWA and the MWO; whether Plaintiff and the Class Members were exempt from the protections of the FLSA; whether Defendants made payments at straight time rates in lieu of paying overtime premiums. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of unpaid overtime premiums. The overtime claim at issue arises

from a policy applicable to all members of the class. Each Member of the Class suffered the same violations that give rise to Plaintiff's claims. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

31. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the claims fully.

32. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

33. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants. If Defendants' overtime policy was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

34. Those Class Members who worked for Defendants for short periods of time have small claims which they are unlikely to bring individually. All members of the Class have claims which are factually very similar and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the MWA and the FLSA counsel toward vindicating the rights of those employees with small claims as part of the

larger Class.

35. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

36. Plaintiff is unaware of any pending litigation commenced by members of the Class concerning the instant controversy.

37. It is desirable to concentrate this litigation in this forum because all claims arose in this Judicial District.

38. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

39. The contours of the class will be easily defined by reference to the payroll documents Defendants were legally required to create and maintain. Notice will be easily distributed because all members of the putative class are or were recently employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of all such class members.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings her Count II claim under the FLSA as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "216(b) Class" as follows:

> All Defendants' Colorado hourly paid CAREGiver employees who worked between March 21, 2011 and the present.

41. The 216(b) Class period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

42. All potential 216(b) Class Members are similarly situated because they worked for Defendants as hourly CAREGiver employees and are or were subject to Defendants' common policy failing to pay overtime premiums.

## FIRST CLAIM
**Violation of the CMWA, § 8-6-101, *et seq.* as implemented by the MWO, 7 CCR 1103-1**

43. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-39 above as if fully set forth herein.

44. As set forth in paragraphs 25-39, *supra*, Plaintiff alleges this claim on her own behalf and on behalf of all others similarly situated pursuant to Fed. R. Civ. P. 23.

45. Defendant Maguire Senior Services, Inc. d/b/a Home Instead Senior Care #365 was Plaintiff's and others' "employer" as that term is defined by the MWA and the MWO because it employed Plaintiff and others in Colorado. 7 CCR 1103-1(2).

46. Defendant Home Instead Inc. was Plaintiff's and others' "employer" as that term is defined by the MWA and the MWO because it employed Plaintiff and others in Colorado. 7 CCR 1103-1(2).

47. Plaintiff and others were Defendants' "employees" as that term is defined by the MWA and the MWO because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor they would perform. 7 CCR 1103-1(2).

48. Defendants willfully violated the MWA and the MWO when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty (40) each work week. 7 CCR 1103-1(4).

49. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

50. Plaintiff and others are entitled to recover unpaid overtime premiums and costs of the suit. C.R.S. § 8-6-118; 7 CCR 1103-1(18).

### COUNT II – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

51. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-24 and 40-42 above as if fully set forth herein.

52. As set forth in paragraphs 40-42, *supra,* Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b).

53. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

54. Defendants "employed" Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

55. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

56. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

57. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

58. Plaintiff and others have suffered lost wages and lost use of those wages in

an amount to be determined at trial.

59. Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages and attorneys' fees and costs. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays that:

I. As to her First Claim brought under the MWA as implemented by the MWO and described in paragraphs 43-50 above:

   a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

   b. Plaintiff be certified as class representative of the Rule 23 Class as defined in paragraph 26, *supra*;

   c. Undersigned counsel be appointed Rule 23 class counsel;

   d. Prompt notice of this litigation be sent to all potential Rule 23 class members;

   e. Plaintiff and the Rule 23 Class be awarded the unpaid balance of the full amount of wages due, together with the costs of this suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18).

   f. Plaintiffs and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

II. As to her Second Claim brought under the FLSA and described in paragraphs 51-59 above:

   a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential members of the 216(b) Class as defined in paragraph 40, *supra*;

   b. Plaintiff and the 216(b) Class be awarded unpaid overtime premiums;

   c. Plaintiff and the 216(b) Class be awarded liquidated damages as required by law;

   d. Plaintiff and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law; and

  e. Plaintiff and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

  f. Plaintiff and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

Dated: March 21, 2014        **MILSTEIN LAW OFFICE**

              *S/ Brandt Milstein*
              595 Canyon Boulevard
              Boulder, CO 80302
              303.440.8780
              Fax: 303.957.5754
              brandt@milsteinlawoffice.com

              *Attorney for Plaintiff*