**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 14-cv-00833-MSK-CBS**

**TESHA SCOTT, on her own behalf and on behalf of all others similarly situated,**

    **Plaintiff,**

**v.**

**HOME INSTEAD, INC. and
MAGUIRE SENIOR SERVICES, INC., doing business as Home Instead Senior Care #365,**

    **Defendants.**

_____

**OPINION AND ORDER DENYING, WITHOUT PREJUDICE, MOTION FOR CLASS CERTIFICATION**
_____

    **THIS MATTER** comes before the Court pursuant to Ms. Scott's "Motion for Rule 23 Class Certification" **(# 11)**, the Defendants' response **(# 37)**, and Ms. Scott's reply **(# 50)**.

**FACTS**

    According to the Amended Complaint **(# 8)**, Ms. Scott was employed by both Defendant Home Instead Inc. and Defendant Maguire Senior Services, Inc. to perform duties as a "caregiver." In that capacity, Ms. Scott performed various services in the homes of the Defendants' elderly clients, including bathing and dressing the clients, performing routine household tasks such as cleaning and laundry, preparing meals, and providing general companionship services. Ms. Scott alleges that she routinely worked 50-60 hours per week and more than 12 hours per day, but was not paid time-and-a-half for overtime hours as required by federal and state law. She asserts two claims: (i) violation of Colorado's Minimum Wage Order, 7 C.C.R. § 1103-1; and (ii) violation of the Fair Labor Standards Act, 209 U.S.C. § 201 *et seq.*

1

In the instant motion **(# 11)**, Ms. Scott seeks to pursue her state-law claim as a class action pursuant to Fed. R. Civ. P. 23.[1] She proposes that the class be defined as "All current and former caregiver employees of Defendants who worked on or after March 21, 2012."

## ANALYSIS

Although initially framed as a typical class certification question under Rule 23, the briefing of this motion indicates that the primary dispute between the parties has less to do with the Rule 23 factors and more to do with a question of law: whether Colorado law allows "companion" employees to perform general household work.

Colorado's overtime requirements are established by the Colorado Division of Labor through a regulatory enactment known as a "Minimum Wage Order." The current version, Minimum Wage Order 30, was promulgated in January 2014. 7 C.C.R. 1103-1. As relevant here, Section 4 of that Order requires that employees receive premium overtime pay, at a time-and-a-half rate, for all hours that the employee works in excess of 40 in one workweek or in excess of 12 in one workday. However, Section 5 of the Order exempts employees performing the job of "companion" from the Order's overtime payment requirements.

Neither the Order nor reported case authority defines the term "companion." The Defendants argue that Colorado's Division of Labor intends to mirror the FLSA's statutory exemption for employees providing "companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(a)(15). They have supplied an August 3, 2006 Opinion Letter from the Colorado Department of Labor and Employment which states "It is the belief of the Division [of Labor] that the treatment and interpretation of the companions exemption in the Wage Order was intended to the (sic) mirror the companions

---

[1] Ms. Scott simultaneously moved to pursue her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b), but subsequently withdrew that motion.

definition and associated regulations contained in federal law; this position has remained unchanged by the Division since the promulgation of Wage Order 22 in 1998."[2]  In applying the "companionship services" exception under the FLSA, the U.S. Department of Labor defines "companionship services" to mean:

> those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs.  Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services.  They may also include the performance of general household work: *Provided, however*, That such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked.

29 C.F.R. § 552.6.  Thus, the Defendants take the position that Ms. Scott and other caregiver employees are exempt from the overtime requirements of Colorado's Minimum Wage Order so long as they do not spent more than 20% of their total weekly hours performing "general household work."

Ms. Scott argues that the terms of the Colorado Minimum Wage Order are not identical, or even similar, to the federal exemption of companionship employees. Ms. Scott argues that "[u]nder Colorado law . . . an employee may not perform *any* household work or other non-companionship related duties."  In support of this position, Ms. Scott points to a March 31, 2012 document from the Colorado Department of Labor and Employment entitled "Advisory Bulletins and Resource Guide."  The document provided by Ms. Scott is not complete: she has supplied only the cover page and a single textual page, making it somewhat difficult to ascertain the

---

[2]  As is often the case with opinion letters, the August 3, 2006 letter is riddled with disclaimers, stating that "This position of the Division is based upon the case-specific information provided and does not necessarily generalize to other contexts or situations. . . . The position of the Division may also change over time. This position is not legal advice, and the opinion of attorneys and the judicial system may differ."

overall purpose and scope of the document.[3]  The textual page Ms. Scott provides is entitled "Exemptions and Jurisdictional Issues, 30(I)," and seems to offer some brief interpretive comments about the application of Colorado Wage Order 28[4] to certain industries: for example, under the heading "Bakeries," the document states "A bakery that operates on a retail or wholesale basis and prepares and offers food for sale or consumption on or off its premises is covered by the Wage Order.  See Wage Order 28, Section 2, Food and Beverage."  As pertinent here, there is a paragraph under the heading "Companion Services" which reads, in its entirety:

> Companions are exempt from all provisions of Wage Order 28 pursuant to Section 5.  Companionship services may be generally defined in the following manner: services which provide fellowship, care and protection for a person, who due to advanced age or physical or mental conditions cannot care for his or her own needs.  Such services may include meal preparation, bed changing, washing of clothes, and other similar services.  The companion performs the service for the aged or infirm person and not generally to other persons."

Ms. Scott argues that this document demonstrates that Colorado adopts the first portion of the federal definition of "companionship services," as the language is essentially identical to 29 C.F.R. § 552.6, but conspicuously omits the portion of the federal regulation permitting the

---

[3]  The Court notes, however, that the entire document is available online from the State's official website at www.colorado.gov/pacific/sites/default/files/Advisory%20Bulletins.pdf.  Under the heading "Foreword," the document states,

> The Colorado Division of Labor has assembled this publication to aid in discharging its statutory duty of educating and assisting Colorado employees, employers, and the general public on Colorado labor and employment laws and related workplace topics. . . . The Advisory Bulletins and materials contained herein are provided for general advisory, clarification, and explanatory purposes only. The Bulletins and associated materials are not intended to expand, narrow, or contradict current law.

[4]  Minimum Wage Order 28, effective January 2012, does not materially differ from Wage Order 30 with regard to the issues presented here.

4

companion employee to devote up to 20% of his or her weekly hours to "general household work." From this, she concludes that "the Colorado Department of Labor and Employment, the very agency tasked with promulgating the [Minimum Wage Order], defines the [ ] companion exemption more narrowly than the FLSA's exemption and does not permit companions to perform general household work or other non-companionship related duties."[5]

Thus, the parties' dispute concerns what can be described as a pure question of state law: whether the "companion" exemption in Wage Order 30 corresponds to the federal regulatory exemption, which permits the companion employee to perform some limited general household work, or whether the exemption is lost if the companion employee is assigned to perform any general household work whatsoever.

If the question is resolved in favor of deferring to the federal definition, the inquiry as to whether a caregiver is exempt becomes a heavily fact-intensive one, unsuitable for resolution via a class action. The Defendant indicates that (and Ms. Scott does not appear to dispute) that the question of what services a given caregiver employee performs for a given client are dictated by several factors unique to that arrangement – the client's condition and needs and the particulars of the employee's shift being most prominent. Thus, the question of whether a given employee's general household work exceeded 20% of his or her weekly hours is a highly-individualized inquiry that would operate to defeat class certification under Rule 23.

If, on the other hand, the question is answered as Ms. Scott proposes, it appears that many, if not all, of the Defendant's caregiver employees would not be exempt from Wage Order

---

[5] Ms. Scott also relies upon a document, apparently created by the U.S. Department of Labor, purporting to interpret Colorado law to provide that "Colorado's definition of 'companion' is much narrower than the FLSA definition. Companions may not help to bath and dress the person, do any amount of housekeeping, or remind the person to take medication." Putting aside other concerns with such a document, this Court is not inclined to defer to the U.S. Department of Labor's attempts to interpret Colorado state law.

30 because most of the Defendant's care giving employees perform *some* general household work as part of their duties.  In such circumstance, it may or may not be appropriate to certify a class of caregiver employees to resolve remaining issues in this litigation.

Simply put, then, the question of whether this action is suitable for class treatment turns on the resolution of the legal question addressed above,[6] and it is inadvisable for this Court to consider the class question until the legal issue has been resolved.[7]  Accordingly, the Court denies Ms. Scott's motion to certify a class, without prejudice.  The Court encourages the parties to promptly move for a resolution of the legal question of whether Wage Order 30 permits "companions" to remain exempt if they perform "general household work" for up to 20% of their weekly hours.  Should the Court ultimately resolve that question in Ms. Scott's favor, she may then seek certification of an appropriate class to litigate whatever issues remain under the state law claim.

---

[6]     The Court does not understand the parties to represent that their class certification briefs represent the entirety of their positions on the regulatory interpretation question.  It may be that one or both parties would submit additional argument or authority on that question were the matter raised more directly.   Accordingly, the Court will not pass on the question at this time and will defer to a future motion for judgment on the pleadings or motion for summary judgment that addresses the question squarely.

[7]     The Court does not consider the question of regulatory interpretation described above to itself be a "common question of law" warranting certification of a class before it may be addressed.  Although it would be a question of law common to all putative class members, courts have recognized the appropriateness of deferring consideration of a motion to certify a class where a case is "already ripe for summary judgment." *Chavez v. Illinois State Police*, 251 F.3d 612, 630 (7th Cir. 2014).  Here, the question of regulatory interpretation is a pure question of law, requiring no discovery from either side (short of perhaps a stipulation between the parties to the undisputed fact that many caregivers perform some amount of "general household work" as part of their normal duties).  It is thus "ripe for summary judgment" on that question as soon as the parties are prepared to brief such a motion, and before the parties and Court are subjected to the significant administrative burdens that arise once a class is certified.  *See* Fed. R. Civ. P. 23(c).  Thus, the Court finds it appropriate to deny the motion for class certification until such a summary judgment motion can be filed and addressed.

## **CONCLUSION**

For the foregoing reasons, Ms. Scott's Motion for Class Certification **(# 11)** is **DENIED** without prejudice.

Dated this 7th day of November, 2014.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge